UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20311-CR-WILLIAMS/GOODMAN

21 U.S.C. § 963
21 U.S.C. § 959(a)
21 U.S.C. § 952(a)
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 853
21 U.S.C. § 970

FILED BY ___MP___ D.C.

Jul 23, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

vs.

FRANCISCO TEODORO TAVAREZ MENDEZ,
    a/k/a "Kiko," and
PEDRO JUAN DOMINGUEZ,
    a/k/a "Perucho,"

                                    Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning at least as early as in and around 2017, and continuing through in and around 2021, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and in the countries of the Dominican Republic and Colombia, and elsewhere, the defendants,

FRANCISCO TEODORO TAVAREZ MENDEZ,
    a/k/a "Kiko," and
PEDRO JUAN DOMINGUEZ,
    a/k/a "Perucho,"

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to distribute a controlled substance in

Schedule II, intending, knowing, and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a); all in violation of Title 21, United States Code, Section 963.

It is further alleged that the controlled substance involved in the conspiracy attributable to the defendants as a result of their conduct, and the conduct of other conspirators reasonably foreseeable to them, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B).

## COUNT 2

Beginning as early as in and around 2017, and continuing through in and around 2021, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FRANCISCO TEODORO TAVAREZ MENDEZ,**
**a/k/a "Kiko," and**
**PEDRO JUAN DOMINGUEZ,**
**a/k/a "Perucho,"**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to import into the United States, from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

It is further alleged that the controlled substance involved in the conspiracy attributable to the defendants, as a result of their conduct, and the conduct of other conspirators reasonably foreseeable to them, is 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 960(b)(1)(B).

## COUNT 3

Beginning as early as in and around 2017, and continuing through in and around 2021, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FRANCISCO TEODORO TAVAREZ MENDEZ,**
a/k/a "Kiko," and
**PEDRO JUAN DOMINGUEZ,**
a/k/a "Perucho,"

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

It is further alleged that the controlled substance involved in the conspiracy attributable to the defendants, as a result of their conduct, and the conduct of other conspirators reasonably foreseeable to them, is 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **FRANCISCO TEODORO TAVAREZ MENDEZ, a/k/a "Kiko," and PEDRO JUAN DOMINGUEZ, a/k/a "Perucho,"** have an interest.

2. Upon conviction of a violation of Title 21, United States Code, Sections 846 and/or 963, as alleged in this Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such

3

offense, and any property that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Sections 853 and 970.

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

FOR ELLEN D'ANGELO
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.: 24-20311-CR-WILLIAMS/GOODMAN |
| v.<br>Francisco Teodoro Tavarez Mendez,<br>a/k/a "Kiko," and Pedro Juan Dominguez,<br>a/k/a "Perucho,"<br>_____/<br>Defendants. | **CERTIFICATE OF TRIAL ATTORNEY**<br><br>**Superseding Case Information:**<br>New Defendant(s) (Yes or No) ____<br>Number of New Defendants ____<br>Total number of new counts ____ |

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take  15  days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)              (Check only one)
   I   ☐ 0 to 5 days             ☐ Petty
   II  ☐ 6 to 10 days            ☐ Minor
   III ☒ 11 to 20 days           ☐ Misdemeanor
   IV  ☐ 21 to 60 days           ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _M. Ruton_ For
Ellen D'Angelo
Assistant United States Attorney
Court ID No.    A5502579

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: FRANCISCO TEODORO TAVAREZ MENDEZ**

**Case No:** _____

Count #: 1

Conspiracy to distribute cocaine intending, knowing, and having reasonable cause to believe that it would be unlawfully imported into the United States

Title 21, United States Code, Section 963

* **Max. Term of Imprisonment: Life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years' imprisonment**
* **Max. Supervised Release: 5 years to life**
* **Max. Fine: $10,000,000**

Count #: 2

Conspiracy to import cocaine into the United States

Title 21, United States Code, Section 963

* **Max. Term of Imprisonment: Life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years' imprisonment**
* **Max. Supervised Release: 5 years to life**
* **Max. Fine: $10,000,000**

Count #: 3

Conspiracy to possess with intent to distribute cocaine

Title 21, United States Code, Section 846

* **Max. Term of Imprisonment: Life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years' imprisonment**
* **Max. Supervised Release: 5 years to life**
* **Max. Fine: $10,000,000**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **PEDRO JUAN DOMINGUEZ**

**Case No:** _____

Count #: 1

Conspiracy to distribute cocaine intending, knowing, and having reasonable cause to believe that it would be unlawfully imported into the United States

Title 21, United States Code, Section 963

* **Max. Term of Imprisonment: Life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years' imprisonment**
* **Max. Supervised Release: 5 years to life**
* **Max. Fine: $10,000,000**

Count #: 2

Conspiracy to import cocaine into the United States

Title 21, United States Code, Section 963

* **Max. Term of Imprisonment: Life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years' imprisonment**
* **Max. Supervised Release: 5 years to life**
* **Max. Fine: $10,000,000**

Count #: 3

Conspiracy to possess with intent to distribute cocaine

Title 21, United States Code, Section 846

* **Max. Term of Imprisonment: Life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years' imprisonment**
* **Max. Supervised Release: 5 years to life**
* **Max. Fine: $10,000,000**

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**