**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:24-20311-CR-KMW

UNITED STATES OF AMERICA,

v.

PEDRO JUAN DOMINGUEZ,

    Defendant.
_____/

## DETENTION ORDER

On February 20, 2025, the Court held a hearing pursuant to 18 U.S.C. § 3142(f) in the above-styled case to determine whether Defendant, Pedro Juan Dominguez, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, it is hereby **ORDERED** that Defendant be detained prior to trial and until the conclusion thereof.

## I.    *Nature and Circumstances of Offense*

Defendant was charged by indictment for conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 959(a), 963; import into the United States a controlled substance, in violation of 21 U.S.C. §§ 952(a), 963; and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), 846.  [D.E. 1].

## II.    *Weight of the Evidence*

The weight of the evidence against Defendant is sufficient to establish probable cause and to support pretrial detention in this case.  The Government proffered the following facts.

Defendant, a citizen of both the United States and the Dominican Republic, is alleged to have participated in the importation of drugs to the United States from the Dominican Republic.  The United States Drug Enforcement Administration (the "DEA") began its investigation into this alleged drug trafficking in 2017.  Once identified as a target of the investigation, the DEA first made contact with Defendant in June of 2021.  At that point, the DEA notified Defendant that he was a target of the investigation.  Through June and July 2021, the DEA had several meetings with Defendant.  As of July 2021—the point of last contact with Defendant prior to his arrest in January 2025—Defendant was, with the assistance of an attorney, in discussions with DEA regarding a possible plea to an information.  Additionally, Defendant made several admissions during these meetings, including that he: (1) was

the individual who had first introduced the United States and Dominican Republic drug organization counterparts; (2) received a portion of the proceeds in exchange for his ongoing services to the organization; and (3) laundered money for the organization via his car sales business. In total, ledgers reflect that Defendant's participation is directly linked to 385 kilograms of cocaine and over $16 million laundered. Defendant purportedly received approximately $3.8 million for his services.

But after leaving the United States in 2021 despite warnings from the DEA not to do so, Defendant spent the next four years in the Dominican Republic until he was expelled from the country. He did not attempt to travel back to the United States during those four years. Defendant was later arrested in the United States in January 2025.

### III. *Defendant's Pertinent History and Characteristics*

The pertinent history and characteristics of Defendant also support pretrial detention. Defendant has immediate and extended family in the Dominican Republic, including his daughter, who is employed there as a physician, and her children. Further, Defendant was readily compensated for his service to the drug trafficking organization and has sufficient means to make whole any losses resulting from him possibly avoiding a bond. Additionally, Defendant has demonstrated a propensity to abscond—having left the United States for four years with no clear intent to return (and only having returned when he was forcibly expelled from the Dominican Republic).

Thus, we find based on a preponderance of the evidence that Defendant would pose a serious risk of flight if released. Given the serious nature of the offense; Defendant's means; and him earlier having absconded, the circumstances presented convince us that Defendant presents a serious risk of flight. Based on the record provided, there are no conditions or combination of conditions that may reasonably assure Defendant's presence at trial, making detention appropriate. *See* 18 U.S.C. § 3142(e).

### IV.   *Conclusion*

Pursuant to these findings, the Court hereby directs that:

a. Defendant be detained without bond;

b. Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

c. Defendant be afforded reasonable opportunity for private consultation with counsel;

d. On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined, shall deliver Defendant to a United States Marshal for the purpose an appearance in connection with any court proceeding.

**DONE AND ORDERED** at Miami, Florida this 20th day of February, 2025.

/s/ *Edwin G. Torres*  
EDWIN G. TORRES

                                                  United States Magistrate Judge

Copies to:
Counsel of Record
Pretrial Services (Miami)