UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20311-CR-WILLIAMS

UNITED STATES OF AMERICA

vs.

PEDRO JUAN DOMINGUEZ,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

    The United States files this response to the paperless Standing Discovery Order issued in this case. Pursuant to Local Rule 88.10 and Fed. R. Crim. Pro. 16, the government states the following:

1.    Copies of reports of oral statements made by the defendant in response to interrogation by a person the defendant knew was a government agent have been provided to the defendant. Fed. R. Crim. Pro. 16(a)(1)(B)(ii). The undersigned presently is not aware of any other relevant oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a United States agent. Fed. R. Crim. Pro. 16(a)(1)(A).

2.    The undersigned presently is unaware of any relevant written or recorded statements of the defendant. Fed. R. Crim. Pro. 16(a)(1)(B)(i).

3.    No defendant named in the indictment testified before the Grand Jury in connection with the return of indictment in this case. Fed. R. Crim. Pro. 16(a)(1)(B)(iii).

4.    The government is unaware of any criminal record of the defendant. Fed. R. Crim. Pro. 16(a)(1)(D).

5.    Documents and objects: Copies of some books, papers, documents, photographs, tangible objects, buildings or places which are material to preparing the defense, the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, have been provided to the defendant. These items may be inspected at the Office of the United States Attorney, So. Fla. HIDTA, 11200 NW 20th Street, Miami, Florida 33172. Fed. R. Crim. Pro. 16(a)(1)(E). Please call the undersigned to schedule a mutually convenient time for the discovery conference.

6.      Laboratory reports concerning testing of any controlled substances seized in connection with the charged offenses will be provided upon receipt by the undersigned.   Fed. R. Crim. Pro. 16(a)(1)(F).

7.      DEMAND FOR RECIPROCAL DISCOVERY:  The United States requests the disclosure and production of materials pursuant to Local Rule 88.10(b) and Fed R. Crim. Pro. 16(b)(1)(A-C).

8.      The United States will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).   However, the United States is currently unaware of any such information or material.   Local Rule 88.10(c).

9.      The United States will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective United States witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).   Local Rule 88.10(d).

10.     The United States will provide records of any prior convictions of any alleged informant who will testify for the United States at trial.   Local Rule 88.10(e).

11.     The defendant was identified by one or more witnesses.  The United States will provide the defendant information concerning any identification of a defendant in a lineup, show up, photo spread or similar identification proceedings when the details of such identification procedures and copies of any photographs or photospreads used are provided to the undersigned.  Local Rule 88.10(f).  A copy of a photograph of the defendant identified by witnesses will be provided to the defendant.

12.     The United States has advised its agents and officers involved in this case to preserve all rough notes.   Local Rule 88.10(g).

13.     The United States will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b).  You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).  Local Rule 88.10(h).  In addition, the United States may introduce under Rule 404(b) evidence of the defendant's past criminal activity, if any, that has resulted in arrests and/or convictions.

14.     The government is unaware that the defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.   Local Rule 88.10(i).

15. The United States has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the United States at the trial of this cause. Local Rule 88.10(j).

16. The United States will, upon request, deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823, and 21 C.F.R. § 101.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample. Local Rule 88.10(k). The government believes that the bulk of any contraband/narcotics has been destroyed pursuant to law enforcement policy. As usual, random samples, if any, have been set aside to be used as evidence at trial.

17. Photographs of any vessel/vessels used in the commission of the charged offenses will be provided to the defendant. The United States presently does not know of any other automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the United States' possession. Local Rule 88.10(l).

18. The United States is not aware of any latent fingerprints or palm prints which have been identified by a United States expert as those of the defendant. Local Rule 88.10(m).

19. The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. At the discovery conference referenced above, the United States will seek written stipulations to agreed facts in this case to be signed by the defendant and defense counsel. These stipulations will be discussed at the discovery conference. Local Rule 88.10(n).

20. To date, the United States has not received a request for disclosure of the subject matter of expert testimony that the United States reasonably expects to offer at trial. Nonetheless, absent a stipulation concerning any laboratory analysis of any seized controlled substances, as referenced above, the United States will call an expert chemist to testify at trial regarding the nature of any narcotics involved in this case. Fed. R. Crim. Pro. 16(a)(1)(G).

21. The United States is aware of and will comply with its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady, Giglio, Napue*, and the obligation to assure a fair trial. Fed. R. Crim. Pro. 16(c); Local Rule 88.10(o)(4).

22. In addition to the request for reciprocal discovery made above by the United States pursuant Local Rule 88.10(b) Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the United States hereby demands Notice of Alibi defense. See indictment for the approximate time, date, and place of the offense.

      The items listed in this Response have been provided to defense counsel via electronic mail. Please contact the undersigned Assistant United States Attorney if you are missing any of these items.

                        Respectfully submitted,

                        HAYDEN P. O'BYRNE
                        UNITED STATES ATTORNEY

      By:    */s/Kevin D. Gerarde*
              KEVIN D. GERARDE
              ASSISTANT UNITED STATES ATTORNEY
              FLA. BAR NO. 113844
              11200 N.W. 20th Street
              Miami, Florida 33172
              (305) 715-7648
              Kevin.Gerarde@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF this 3rd day of March 2025.

                                        /s/Kevin D. Gerarde
                                        KEVIN D. GERARDE
                                        ASSISTANT UNITED STATES ATTORNEY