UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20311-CR-WILLIAMS

UNITED STATES OF AMERICA

v.

FRANCISCO TEODORO TAVAREZ MENDEZ,
    a/k/a "Kiko," and
PEDRO JUAN DOMINGUEZ,
    a/k/a "Perucho,"

        Defendants.
_____/

UNOPPOSED MOTION FOR A PROTECTIVE ORDER
REGULATING DISCLOSURE OF DISCOVERY
AND SENSITIVE INFORMATION CONTAINED THEREIN

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America files this motion for a protective order regulating disclosure of the discovery materials in this case and certain sensitive information contained therein (the "Discovery").

The defendants in this case are charged with (Count 1) Conspiracy to Distribute a Controlled Substance, Intending, Knowing, and Having Reasonable Cause to Believe the Controlled Substance Would be Imported into the United States, in violation of Title 21, United States Code, Sections 959(a) and 963; (Count 2) Conspiracy to Import a Controlled Substance into the United States, in violation of Title 21, United States Code, Sections 952(a) and 963; and (Count 3) Conspiracy to Possess with the Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

This case arises from the Government's allegation that the defendants participated in a Dominican Republic-based drug trafficking organization that imported thousands of kilograms of

cocaine into the United States via shipping containers. Several other members of this drug trafficking organization have previously been indicted and agreed to cooperate with the Government at the defendants' trial. The Government has informed counsel for the defendants of the Government's intent to introduce at trial the testimony of cooperating defendants. Due to the nature of the offense (i.e. international narcotics trafficking), the Government has legitimate safety concerns for the cooperating defendants and their families.[1] The defendants do not dispute the legitimacy of the Government's safety concern.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. See *United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); see also *Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

Due to concerns about the safety and security of the cooperating defendants and their families, the United States seeks a protective order restricting the dissemination of the identities of the cooperating defendants, reports of interviews, related documents and letters, plea agreements, criminal records, and any related *Brady*/*Giglio* materials. These materials will be

---

[1] This case involves allegations of international drug trafficking, specifically, the importation of cocaine from the Dominican Republic, a known source country for cocaine imported into the United States. Several of the Government's cooperating witnesses and/or members of their families reside in the Dominican Republic or did prior to the witnesses' arrests and prosecution. Additional individuals involved in the alleged drug trafficking scheme who operated in the Dominican Republic are still located there and may pose a danger to the cooperating witnesses or their families if it were to be revealed that these witnesses are cooperating and testifying in this case, even though it is not the defendant who poses this threat. The parties have stipulated to the potential threat posed by drug traffickers in the Dominican Republic to the cooperating witnesses and that a protective order is appropriate to alleviate those concerns.

designated as sensitive information.  To alleviate the Government's concerns of the cooperating witnesses' safety and to avoid the disclosure of information pertaining to the cooperating witnesses to other individuals, the Government requests that the Court enter an order regulating disclosure of the sensitive information as follows:

1. The government is authorized to disclose the sensitive information in its possession that the government believes necessary to comply with the discovery obligations imposed by this Court;

2. The government shall produce the discovery as follows. The government shall mark that portion of the discovery that includes sensitive information as "Confidential," which will be governed by the following rules:

 a. Counsel of record for each defendant in this proceeding shall hold the Confidential portion of the discovery in the strictest confidence. Therefore, defense counsel shall restrict access to this discovery, and shall disclose this discovery to their client, office staff, investigators, and to anticipated fact or expert witnesses only to the extent that defense counsel believes is necessary to assist in the defense of their clients in this matter and in a manner that will prohibit the disclosure of this discovery to other persons not involved in the defense. To the extent a defendant is in custody, defense counsel may show the defendant copies of the Confidential portion of discovery but may not provide the defendant with copies of the Confidential portion of discovery. Under no circumstance shall defense counsel permit a defendant or any other individual to remove the Confidential portion of discovery from defense counsel's office, retain any copies of the Confidential portion of discovery, or reproduce in any manner the Confidential portion of discovery;

 b. Counsel of record for each defendant shall advise any person to whom the Confidential portion of discovery is disclosed that such information shall be held in strict

confidence, and that further disclosure or dissemination is prohibited without defense counsel's express consent; and

   c. Counsel of record for each defendant shall obtain a certification from each person to whom the Confidential portion of the discovery is disclosed, in which the recipient (a) acknowledges these restrictions as set forth in the Protective Order of the Court, and (b) agrees that they will not disclose or disseminate the information without express consent of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the discovery and the date on which such information was first disclosed.

   d. Counsel of record for each defendant agrees that, upon conclusion of the above captioned case, copies of the Confidential portion of the discovery disclosed to defense counsel pursuant to the terms of this order shall be destroyed or returned to the United States.

Counsel for the United States has conferred with counsel for Pedro Juan Dominguez, who agrees to the relief requested herein.

        Respectfully submitted,

        HAYDEN P. O'BYRNE
        UNITED STATES ATTORNEY

     By: *s/Kevin Gerarde*
        Kevin Gerarde
        Assistant United States Attorney
        Florida Bar No. 113844
        11200 NW 20th Street, Suite 101
        Miami, Florida 33172
        Tel: (305) 715-7648
        Kevin.Gerarde@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                     */s/ Kevin Gerarde*
                                     Kevin Gerarde
                                     Assistant United States Attorney