UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20311-WILLIAMS

UNITED STATES OF AMERICA

v.

PEDRO JUAN DOMINGUEZ,

    Defendant.

### UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Pursuant to 21 U.S.C. § 853 and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States moves for the entry of a Preliminary Order of Forfeiture against Defendant Pedro Juan Dominguez ("Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $4,650,350. In support of this motion, the United States provides the following factual and legal bases.

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 23, 2024, a federal grand jury returned an Indictment charging Defendant in Count 1 with conspiracy to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that it would be unlawfully imported into the United States, in violation of 21 U.S.C. § 963, among other counts. Indictment, ECF No. 1. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 21 U.S.C. § 963, Defendant

> shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any

> property that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

*See id.* at 3–4.

On July 8, 2025, the Court accepted Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 33; Plea Agreement ¶ 1, ECF No. 34. As part of the guilty plea, Defendant agreed

> to a forfeiture money judgment in a sum to be determined, which sum represents the value of any property constituting, or derived from, any proceeds the defendant obtained as the result of the commission of the offense, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

ECF No. 34 ¶ 14.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support Defendant's conviction. *See* Factual Proffer, ECF No. 35. The Factual Proffer also provided a basis for the forfeiture of property. *See id.*

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

Any person convicted of a violation of Chapter 21 must forfeit to the United States "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation," and "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." 21 U.S.C. § 853. If a defendant is convicted of such violation, the Court "shall" order the forfeiture of property as part of the sentence. *See id.*

The preponderance standard governs criminal forfeiture. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that the property is subject to forfeiture

by a preponderance, the Court

> must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

The Court "must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant," unless entering the order at that time would be "impractical." Fed. R. Crim. P. 32.2(b)(2)(B); *but see McIntosh v. United States*, 601 U.S. 330, 333, 338 (2024) ("district judge's failure to enter a preliminary order prior to sentencing does not deprive a judge of the power to order forfeiture"). And at sentencing, the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and then "include the forfeiture order, directly or by reference, in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B).

If, however, "before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment," the Court may enter a general order of forfeiture that: "(i) lists any identified property; (ii) describes other property in general terms; and (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated." Fed. R. Crim. P. 32.2(b)(2)(C). Under Rule 32.2(e)(1), "the court may at any time enter an order of forfeiture or amend an existing order of forfeiture" when additional, specific property is identified, or to forfeit any substitute property under 21 U.S.C. § 853(p).

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court, in imposing a forfeiture money judgment, may rely on an agent's reliable hearsay. *See United States v.*

4

*Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008); *accord United States v. Vico*, 2016 WL 233407, at *4 (S.D. Fla. Jan. 20, 2016) ("Since forfeiture is part of sentencing, reliable hearsay may be used to satisfy the government's burden of proof by a preponderance of the evidence."). The defendant's money judgment amount can be based on a reasonable estimate on the amount of property subject to forfeiture. *See, e.g., United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011); *United States v. Peithman*, 917 F.3d 635, 651 (8th Cir. 2019); *Vico*, 2016 WL 233407, at *7 (explaining that calculation of money judgment does not require mathematical exactitude; district court may make a reasonable extrapolation supported by a preponderance of the evidence).

A defendant's forfeiture money judgment should reflect the property obtained as a result of the offense of conviction. *See* 21 U.S.C. § 853; *accord United States v. Honeycutt*, 581 U.S. 443, 450 (2017) (However, the "mastermind might receive payments directly from drug purchasers, or he might arrange to have drug purchasers pay an intermediary such as the college student. In all instances, he ultimately 'obtains' the property—whether 'directly or indirectly.'").

The Eleventh Circuit has held that "conspiracy leaders or 'masterminds' who control criminal enterprises jointly acquire the proceeds of the conspiracy with their co-conspirators." *United States v. Elbeblawy*, 839 F. App'x 398, 400 (11th Cir. 2021) (citing *United States v. Cingari*, 952 F.3d 1301, 1305-06 (11th Cir. 2020)); *see also United States v. Knowles*, 819 F. App'x 781, 783 n.1 (11th Cir. 2020) (observing defendant, a "'leader' with decision-making authority and a high degree of participation in the drug conspiracy," directly or indirectly obtained full proceeds of the conspiracy); *United States v. Bane*, 948 F.3d 1290, 1297-98 (11th Cir. 2020) (finding defendant, the "mastermind behind the fraud," failed to prove he was not responsible

for entire proceeds of the fraud); *accord United States v. Young*, 108 F.4th 1307, 1325-28 (11th Cir. J2024). Further, defendants that jointly acquire the proceeds of the crime of which they are convicted should be ordered to forfeit the total amount of the proceeds they jointly acquired. *See United States v. Goldstein*, 989 F.3d 1178, 1202-03 (11th Cir. 2021) (finding that the district court did not err in imposing a $1,953,974 forfeiture money judgment against both convicted defendants because the fraud proceeds were deposited into accounts that both defendants controlled) (citing *Cingari*, 952 at 1306).

### C. Property Subject to Forfeiture in Instant Criminal Case

As set forth in the Factual Proffer, ECF No. 35, from 2017 through 2021, Defendant was part of a drug trafficking organization ("DTO") that engaged in the shipment of cocaine from the Dominican Republic to the United States, including South Florida, using shipping containers. *Id.* ¶ 1.

The DTO's preferred method of concealment was to press cocaine between the layers of cardboard in cardboard box flaps. *Id.* ¶ 2. This was frequently done by co-conspirator Miguel Emilio Gutierrez Diaz on a farm in the Dominican Republic. *Id.* The boxes were then used to ship clothing or produce to the United States in shipping containers. *Id.* Upon arrival of the containers, the boxes of clothing or produce were removed, the clothing or produce was discarded, and the cocaine was removed from the box flaps. *Id.*

Co-conspirator Miguel Andres Gutierrez Diaz was responsible for obtaining the cocaine from sources of supply in the Dominican Republic and investing cocaine in the loads being imported into the United States. *Id.* ¶ 3. Miguel Andres Gutierrez Diaz directed and managed other DTO members, including Miguel Emilio Gutierrez Diaz, who packaged the cocaine in the Dominican Republic and dispatched it to Florida. *Id.*

The DTO sent several loads of cocaine that were concealed in cardboard boxes and dispatched from the Dominican Republic, which were then imported into the United States, totaling more than 5,000 kilograms. *Id.* ¶ 4. Specifically, between May 2017 and September 2019, the DTO sent fifteen cocaine shipments from the Dominican Republic to the United States, totaling approximately 4,262 kilograms. *Id.* Between September 2019 and June 2020, the DTO sent four cocaine shipments from the Dominican Republic to South Florida, each of which contained 319 kilograms, for a total of approximately 1,276 kilograms. *Id.*

Defendant's participation in the DTO varied over time from supplying cocaine to the DTO in one instance to serving as a money launderer at other times. *Id.* ¶ 5. For example, in October 2017, Defendant supplied the DTO with 385 kilograms of cocaine in the Dominican Republic at a price of $10,000 per kilogram, totaling $3,850,000. *Id.* This cocaine was sent to the United States as part of the fifteen shipments sent between May 2017 and September 2019. *Id.* Defendant was paid $3,850,000 in two installments, one of $2,200,000 and another of $1,650,000. *Id.*

At other times during the conspiracy, Defendant, along with his partner and codefendant Francisco Tavarez Mendez, laundered drug proceeds from the United States to the Dominican Republic to be paid out to other co-conspirators. *Id.* ¶ 6. Defendant and Tavarez Mendez accomplished the laundering primarily by concealing drug proceeds within used cars purchased at auction in the United States that were then sent to the Dominican Republic. *Id.* Defendant and Tavarez Mendez typically charged a 10% commission for laundering the funds. *Id.* From February 2017 to December 2020, the defendant and Tavarez Mendez laundered approximately $16,007,000. *Id.*

Based on the above, from his DTO activities, Defendant earned approximately

$4,650,350 in proceeds—$3,850,000 for supplying cocaine and half of the 10% fee for laundering $16,007,000 ($800,350).

Therefore, based on the record in this case, the total value of the proceeds traceable to Count 1 is $4,650,350, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against Defendant; the inclusion of the forfeiture as part of Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

**LOCAL RULE 88.9 CERTIFICATION**

Pursuant to Local Rule 88.9, I hereby certify that counsel for the United States conferred with defense counsel via e-mail on September 25, 29, and 30, 2025, and the opposition is unknown.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By: /s/ *Jorge R. Delgado*
Jorge R. Delgado
Assistant United States Attorney
Florida Bar No. 084118
U.S. Attorney's Office
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 660-5954
E-mail: Jorge.Delgado2@usdoj.gov