UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20311-WILLIAMS

UNITED STATES OF AMERICA

v.

PEDRO JUAN DOMINGUEZ,

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Pedro Juan Dominguez ("Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On July 23, 2024, a federal grand jury returned an Indictment charging Defendant in Count 1 with conspiracy to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that it would be unlawfully imported into the United States, in violation of 21 U.S.C. § 963, among other counts. Indictment, ECF No. 1. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 21 U.S.C. § 963, Defendant

> shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

*See id.* at 3–4.

On July 8, 2025, the Court accepted Defendant's guilty plea to Count 1 of the

Indictment. *See* Minute Entry, ECF No. 33; Plea Agreement ¶ 1, ECF No. 34. As part of the guilty plea, Defendant agreed

> to a forfeiture money judgment in a sum to be determined, which sum represents the value of any property constituting, or derived from, any proceeds the defendant obtained as the result of the commission of the offense, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

ECF No. 34 ¶ 14.

In support of the guilty plea, Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 35. The Factual Proffer also provided a basis for the forfeiture of property. *See id.*

As set forth in the Factual Proffer, from 2017 through 2021, Defendant was part of a drug trafficking organization ("DTO") that engaged in the shipment of cocaine from the Dominican Republic to the United States, including South Florida, using shipping containers. *Id.* ¶ 1.

The DTO's preferred method of concealment was to press cocaine between the layers of cardboard in cardboard box flaps. *Id.* ¶ 2. This was frequently done by co-conspirator, Miguel Emilio Gutierrez Diaz, on a farm in the Dominican Republic. *Id.* The boxes were then used to ship clothing or produce to the United States in shipping containers. *Id.* Upon arrival of the containers, the boxes of clothing or produce were removed, the clothing or produce was discarded, and the cocaine was removed from the box flaps. *Id.*

Co-conspirator Miguel Andres Gutierrez Diaz was responsible for obtaining the cocaine from sources of supply in the Dominican Republic and investing cocaine in the loads being imported into the United States. *Id.* ¶ 3. Miguel Andres Gutierrez Diaz directed and managed other DTO members, including Miguel Emilio Gutierrez Diaz, who packaged the

cocaine in the Dominican Republic and dispatched it to Florida. *Id.*

The DTO sent several loads of cocaine that were concealed in cardboard boxes and dispatched from the Dominican Republic, which were then imported into the United States, totaling more than 5,000 kilograms. *Id.* ¶ 4. Specifically, between May 2017 and September 2019, the DTO sent fifteen cocaine shipments from the Dominican Republic to the United States, totaling approximately 4,262 kilograms. *Id.* Between September 2019 and June 2020, the DTO sent four cocaine shipments from the Dominican Republic to South Florida, each of which contained 319 kilograms, for a total of approximately 1,276 kilograms. *Id.*

Defendant's participation in the DTO varied over time from supplying cocaine to the DTO in one instance to serving as a money launderer at other times. *Id.* ¶ 5. For example, in October 2017, Defendant supplied the DTO with 385 kilograms of cocaine in the Dominican Republic at a price of $10,000 per kilogram, totaling $3,850,000. *Id.* This cocaine was sent to the United States as part of the fifteen shipments sent between May 2017 and September 2019. *Id.* Defendant was paid $3,850,000 in two installments, one of $2,200,000 and another of $1,650,000. *Id.*

At other times during the conspiracy, Defendant, along with his partner and codefendant Francisco Tavarez Mendez, laundered drug proceeds from the United States to the Dominican Republic to be paid out to other co-conspirators. *Id.* ¶ 6. Defendant and Tavarez Mendez accomplished the laundering primarily by concealing drug proceeds within used cars purchased at auction in the United States that were then sent to the Dominican Republic. *Id.* Defendant and Tavarez Mendez typically charged a 10% commission for laundering the funds. *Id.* From February 2017 to December 2020, the defendant and Tavarez Mendez laundered approximately $16,007,000. *Id.*

Based on the above, from his DTO activities, Defendant earned approximately $4,650,350 in proceeds—$3,850,000 for supplying cocaine and half of the 10% fee for laundering $16,007,000 ($800,350).

Therefore, based on the record in this case, the total value of the proceeds traceable to Count 1 is $4,650,350, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2, a forfeiture money judgment in the amount of $4,650,350 is hereby entered against Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant.

4. The Court shall retain jurisdiction in this matter to enforce this Order, and pursuant to Fed. R. Crim. P. 32.2(e)(1), shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this 30th day of September 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE